UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
JOHN GIROUX,

                              Plaintiff,

                      -against-

CITY OF NEW YORK; Police Officer JUSTIN SMITH, Shield No. 6812, Police Officer DIETRICH WILLIAMS, Shield No. 8476, Sergeant DAVID RODGERS, Shield No. 2827, and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**SECOND AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-1100 (PKC)(RML)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff JOHN GIROUX ("plaintiff" or "Mr. BUIE") is a resident of Kings County in the City and State of New York.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. At all times relevant defendants Police Officer Justin Smith ("Smith"), Police Officer Dietrich Williams ("Williams"), Shield No. 8476, Sgt. David Rodgers ("Rodgers"), Shield No. 2827 and John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants Smith and John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

11. At approximately 11:45 p.m. on or about July 4, 2014, plaintiff was lawfully within the vicinity of Maple Street and Miami Court attending a July Fourth Barbeque.

12. A group of police officers, including Smith, Williams and Rodgers, ran into the gathering and yelled, "lock them up", referring to plaintiff and three or four other party guests.

13. Plaintiff had no idea why he was being handcuffed.

14. The officers proceed to unlawfully search plaintiff.

15. Despite the fact that they had no probable cause to believe that plaintiff had committed any crimes or offenses, the officers placed plaintiff under arrest and transported him to the precinct.

16. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff possessing a gun.

17. On or about June 16, 2012, more than two days later, plaintiff was arraigned in Kings County Criminal Court.

18. Plaintiff was charged with Criminal Possession of a Weapon in the Second and Fourth Degrees and Possession of Pistol Ammunition.

19. Plaintiff was held on bail.

20. On or about July 9, 2014 plaintiff's bail was posted and he was released from Rikers Island.

21. On or about November 26, 2014 plaintiff appeared before a grand jury in Kings County.

22. The grand jury voted to dismiss all charges against plaintiff.

23. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

24. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

25. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

26. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### THIRD CLAIM
**False Arrest**

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CLAIM
**Malicious Prosecution**

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of plaintiff's constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

35. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

36. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

### FIFTH CLAIM
### Failure To Intervene

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

39. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

40. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
**Denial Of Constitutional Right To Fair Trial**

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. The individual defendants created false evidence against Plaintiff.

43. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

44. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

45. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
**Malicious Abuse of Process**

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The individual defendants issued legal process to place plaintiff under arrest on or about on October 21, 2012.

58. The Municipal Defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process.

59. The Municipal Defendants acted with intent to do harm to plaintiff without excuse or justification.

60. As a direct and proximate result of this unlawful conduct, plaintiff sustained, *inter alia*, loss of liberty, loss of earnings, emotional distress, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights, in addition to the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   December 10, 2015
         New York, New York


                                              /s
                                     Robert Marinelli
                                     305 Broadway, 9th Floor
                                     New York, New York 10007
                                     (212) 822-1427

                                     *Attorney for plaintiff*