**R O B E R T   M A R I N E L L I ,   E S Q .**
3 0 5   B R O A D W A Y ,   9 T H   F L O O R
N E W   Y O R K ,   N E W   Y O R K   1 0 0 0 7
( 2 1 2 )   8 2 2 - 1 4 2 7
F A C S I M I L E   ( 2 1 2 )   2 0 2 - 9 6 4 6

December 24, 2015

**BY ECF**
The Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Giroux v. City of New York, et al., 15 CV 1100 (PKC)(RML)

Your Honor:

      I represent the plaintiff in the above referenced matter. I write to respectfully move for an order unsealing the Grand Jury testimony of all police officers in the case The People of the State of New York v. John Giroux, Docket No. 2014KN050523. The defendants take no position on this request.

**Factual and Procedural History**

      Plaintiff filed the complaint, alleging, *inter alia*, federal claims of false arrest, malicious prosecution, and denial of a right to a fair trial, on March 3, 2015. By memo-endorsed order dated August 14, 2015, the Court set a discovery deadline of February 12, 2016. Plaintiff makes this application so that he may obtain and use the officers' grand jury testimony in prosecuting this matter.

**Plaintiff's Compelling and Particularized Need**

      In evaluating applications to unseal grand jury minutes, federal courts have required that a plaintiff demonstrate a "particularized need" for the unsealing. Douglas Oil v. Petrol Stops Northwest, 441 U.S. 211, 230 (1979); Myers v. Phillips, 2007 WL 2276388, at *2 (E.D.N.Y.); Frederick v. New York City, 2012 WL 4947806, at *7 (S.D.N.Y. 2012). To demonstrate a particularized need, plaintiff must show that (a) the materials sought are needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed. Cullen v. Margiotta, 811 F.2d 698, 715 (2d Cir, 1987). The facts herein support a finding that these needs have been met.

1. <u>The grand jury minutes are necessary to avoid a possible injustice.</u>

The specific needs of the case – or claims at issue – guide the Court's analysis. Here, defendants claim to have seen plaintiff, initially, in possession of a firearm, and then placing it on the ground. For plaintiff to satisfy his burdens, plaintiff must prove that there was no probable cause for the criminal charges, and that the defendant officers created false evidence against him. <u>See,</u> e.g. <u>Ackerson v. City White Plains</u>, 702 F. 3d 15, 19-20 (2d Cir. 2012); <u>Rothstein v. Carriere</u>, 373 F. 3d 275, 282 (2d Cir. 2004)(citing <u>Savino v. City of New York</u>, 331 F. 3d 63, 72 (2d Cir. 2003)); <u>Jones v. City of New York</u>, 2013 WL 6047567, *9(E.D.N.Y. 2013).

As the defendants continue to maintain that their misrepresentations were lawful, plaintiff must impeach the defendants to prove that the "police witnesses have not made a complete and full statement of facts…that they have misrepresented or falsified evidence…or otherwise acted in bad faith.'" <u>Boyd v. City of New York</u>, 336 F.3d 72, 76 (2d Cir. 2003), (quoting <u>Colon</u> 60 N.Y. 2d at 82-83).

Plaintiff needs the unsealing of the grand jury minutes to do this. Without unsealing, plaintiff will not be able to use the minutes to refresh defendants' recollections or impeach their testimony. In such instances, "denial of access to grand jury minutes can result in 'possible injustice; if the rights of the parties are effectively destroyed by their inability to view key evidence.' <u>Douglas Oil</u>, 441 U.S. at 237; <u>Frederick</u>, 2012 WL 494805 at *7. Moreover, the Second Circuit has held that the use of grand jury testimony is admissible in civil rights actions for impeachment purposes. <u>Marshall v. Randall</u>, 719 F.3d 113, 116 (2d. Cir. 2013) (holding that the grand jury testimony of police officers was properly admitted for impeachment purposes).

For the following reasons, a denial of plaintiff's unsealing application would result in the possible injustice of withholding evidence required for a just resolution. Furthermore, the disclosure of this testimony will promote the public and judicial interest of insuring the just resolution of plaintiff's claims. <u>See,</u> <u>Dale v. Bartels</u>, 532 F.Supp. 973, 976 (S.D.N.Y. 1982). ("As this Court noted before, the public interest and the judicial interest in the just resolution of this lawsuit would seem to be a 'particularized need' which would require [grand jury minutes] production).

<u>The Need for Disclosure is Greater Than the Need for Secrecy.</u>

None of the reasons for maintaining the secrecy of the grand jury testimony is compelling. Under New York law, there are five reasons for maintaining such secrecy:

> (1) prevention of flight by a defendant about to be indicted; (2) protection of the grand jurors from interference from those under investigation; (3) prevention of subornation of perjury and tampering with prospective witnesses at trial to be held as a result of any indictment the grand jury returns; (4) protection of an innocent accused from unfounded accusations if in fact no indictment is returned; and (5) assurance to prospective witnesses that their testimony will be kept secret so that they will be willing to testify freely.

Turturro v. City of New York, 2011 N.Y. Slop Op. 21180, at *11 (N.Y. Sup. Ct. 2011) (quoting People v. Di Napoli, 27 N.Y.2d 229, 235 (1970)).

Here, plaintiff's criminal case has been dismissed. This vitiates reasons one through four. See Vazquez v. City of New York, 2013 WL 2449181, *3 (S.D.N.Y. 2013); Myers v. Phillips, 2007 WL 2276388, at *3 (E.D.N.Y. Aug. 7, 2007) (noting that none of the factors were satisfied: "Petitioner's grand jury proceeding and trial are over. Disclosure of the testimony will not facilitate any 'escape,' will not cause anyone to "importune" grand jurors, will not cause any witness tampering, will not affect the incentive for witnesses to testify before future grand juries and will not protect petitioner's name.").

The fifth reason – the assurance of secrecy to prospective witnesses so that they will testify freely in the future – does not apply. Police officers have a very slight interest in such secrecy because testifying to the grand jury is a regular part of their professional responsibilities. See id. ("The officers' interest in secrecy is at its lowest given that testifying before grand juries is part of their regular duties as public servants"; see also Dale, 532 F. Supp. 973, 976 ("A Government agent is not likely to be inhibited by subsequent disclosure in the sense that a businessman, victim of extortion or racketeering who testifies to the grand jury might be"). Additionally, there should be no concern that disclosure testimony might chill future grand jury testimony. Had defendants misrepresentations been believed, this testimony would have been disclosed prior to plaintiff's criminal trial under People v. Rosario, 9 N.Y. 2d 286 (1961).

2. The request for unsealing is structured to cover only material so needed.

Plaintiff is requesting that the grand jury testimony of the police officers be unsealed. This request is structured to cover only the material plaintiff needs to oppose defendants' potential motion for summary judgment and present his claims at trial. Plaintiff does not intend to disseminate the grand jury testimony and is amendable to a confidentiality order or other protective order.

**Federal Courts Have The Inherent Power To Order The Release of Grand Jury Minutes Without Requiring A Prior Application To State Court**

Courts have repeatedly ordered the release of grand jury materials without first requiring an application to state court.  See e.g., Rhooms v. City of New York, 11 CV 5910, 2014 WL 4385856, (E.D.N.Y. Sep. 4, 2014); Savino v. City of New York, 97 CV 9029, 1999 U.S. Dist. LEXIS 222463, * 3 (S.D.N.Y. Dec. 16, 1999) (ordering release of grand jury minutes without application to state court on the ground that where "there has been a criminal trial and the witnesses have testified in public there are no longer any pressing reasons for grand jury secrecy"); Cruz v. Kennedy, 97 CV 4001 (KMW), 1997 U.S. Dist. LEXIS 23012, *6 (S.D.N.Y. Dec. 19, 1997) (rejecting defendants' argument for prior application to state court as "unpersuasive," and ordering the release of grand jury minutes where "[plaintiff] requests records from a public criminal trial where the same underlying events were at issue as are in the instant civil action"); Williams v. City of New York, 05 Civ. 4013, Order annexed hereto as Ex. A, (PAC), (S.D.N.Y. Sept. 26, 2005) (rejecting argument that plaintiff must first seek disclosure of state grand jury proceedings in state court: "The grand jury testimony of [plaintiff] and the arresting officers is directly relevant to this case...Each of these witnesses is now a party in this civil rights action, so there is little secrecy for this Court to protect by refusing to release their grand jury testimony…").  Doing so in this matter will promote efficiency. If the State Court denied this request, plaintiff would once again make this application, thereby needlessly delaying this proceeding.

**Conclusion**

In light of the foregoing, plaintiff respectfully request an order unsealing the Grand Jury testimony of all police officers in the case The People of the State of New York v. John Giroux, Docket No. 2014KN050523.

Thank you for consideration of this request.

                                                    Respectfully submitted,

                                                    /s

                                                    Robert Marinelli

Encl.