

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**ZACHARY W. CARTER**
*Corporation Counsel*

**PETER J. FOGARTY**
*Assistant Corporation Counsel*
Phone: (212) 356-3514
Fax: (212) 356-3558
pfogarty@law.nyc.gov

December 30, 2015

BY ECF
Honorable Robert M. Levy
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

    Re:    John Giroux v. City of New York, et al.,
                 15-CV-1100 (PKC) (RML)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter. Defendants respectfully write in response to plaintiff's motion to unseal the grand jury minutes of the underlying criminal case. (Docket Entry No. 18) Defendants are aware that Your Honor granted plaintiff's motion on December 28, 2015 but there are still a few issues defendants wish to raise.

      First, while defendants did not take a position in respect to plaintiff's motion to unseal the grand jury minutes, the undersigned, based on communications with plaintiff's counsel, was under the impression that plaintiff's counsel was moving to unseal the complete grand jury minutes, and not just the testimony of police officers. Additionally, defendants made their position clear to plaintiff that any motion for the unsealing of grand jury minutes should be made in New York State criminal court. "The overwhelming majority of precedent within this circuit supports the proposition that the appropriate process is for a movant to first seek relief in state court, regardless of whether an order unsealing grand jury minutes is ultimately proper." Harewood v. Brathwaite, 09-CV-2874 (PKC) (RML), 2013 U.S. Dist. LEXIS 103128 at *3 - *4 (E.D.N.Y., July 23, 2013); See, e.g., Anilao v. Spota, 918 F. Supp. 2d 157, 170 (E.D.N.Y. 2013) ("In general, requests for disclosure of grand jury materials should be first directed to the court that supervised the grand jury's activities."); Sclafani v. Spitzer, 08-CV-3654 (JBW), 2009 U.S. Dist. LEXIS 132010 at *4 (E.D.N.Y. May 28, 2009) (denying plaintiff's application and

"direct[ing] that any unsealing application be made in the first instance to the state court responsible for supervising the grand jury."); Restivo v. Nassau County, 06-CV-6720, 2008 U.S. Dist. LEXIS 57592, (E.D.N.Y. July 28, 2008) ("requests for disclosure of grand jury transcripts should be directed to the court that supervised the grand jury's activities.").

If the Court is still inclined to grant plaintiff's unsealing of the grand jury testimony of police officers, defendants respectfully request that the grand jury testimony of plaintiff be unsealed as well for similar reasons set forth in plaintiff's motion. Specifically, such testimony is relevant to presenting defendants' defenses during motion practice and at trial, especially with respect to impeachment material. Additionally, defendants respectfully request that any grand jury minutes that are unsealed be marked as confidential and bound pursuant to the proposed confidentiality stipulation and protective order that was submitted to the Court on December 10, 2015. (Docket Entry No. 14)

Finally, defendants respectfully submit that the Kings County District Attorney's Office should have the opportunity to be heard on the issue of unsealing the grand jury minutes. Accordingly, the Kings County District Attorney's Office is copied on this letter.

Thank you for your consideration herein.

                      Respectfully submitted,

                      /s/

                      Peter J. Fogarty
                      *Assistant Corporation Counsel*

cc:    VIA ECF
        Robert Marinelli, Esq.
        *Attorney for Plaintiff*
        305 Broadway, 9th Floor
        New York, New York 10007

        VIA EMAIL
        Toni Lichstein, Esq.
        Kings County District Attorney's Office